Mitchell HARSHBARGER,
Plaintiff–Appellant,

v.

SIERRA PACIFIC COMPANY,
Defendant–Appellee.

No. 00–16929.

D.C. No. CV–98–00462–ECR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Jan. 15, 2002.

Before BRIGHT,* B. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Mitchell Harshbarger, a former foreman for Sierra Pacific Company ("Sierra"), appeals the summary judgment in favor of his employer on claims alleging disability discrimination, retaliation, and hostile work environment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 and 12132. Because Harshbarger failed to exhaust his administrative remedies for the hostile work environment claim with the Equal Employment Opportunity Commission, the district court did not and we do not have jurisdiction with respect to that claim. *See E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.1994). We have jurisdiction, pursuant 28 U.S.C. § 1291, over the appeal from the summary judgment on the disability discrimination and retaliation claims, which were exhausted. We review the award of summary judgment *de novo, Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir.2001), and we affirm in part, reverse in part, and remand for trial. Because the parties are familiar with the factual background, we do not recite the details here.

■ To establish a prima facie case of employment discrimination under the ADA, the plaintiff must prove three elements: (1) the plaintiff is disabled within the meaning of the ADA; (2) the plaintiff is a qualified individual able to perform the essential functions of the job, either with or without reasonable accommodations; and (3) his employer terminated him be-cause of his disability. *Nunes v. Wal–Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir.1999). Sierra contends that Harshbarger has not established that he was disabled within the meaning of the ADA. The ADA defines "disability" as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). Harshbarger argues that he raised a genuine question of fact concerning subsection (C)—whether Sierra regarded him as having a physical impairment, a 25–pound lifting restriction, that substantially limited his major life activity of working.[1]

■ With respect to working, "substantially limited" means that one is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities." *Deppe v. United Airlines*, 217 F.3d 1262, 1265 (9th Cir.2000) (*quoting* 29 C.F.R. § 1630.2(j)(3)(i)). The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. *Id.* We conclude that there was sufficient evidence to raise a triable issue of fact as to whether Sierra regarded Harshbarger as having a physical impairment that it believed substantially limited his ability to work.

Harshbarger presented evidence that Edward Howden, a certified rehabilita-

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Harshbarger also claims that Sierra regarded him as having a mental impairment that substantially limited his ability to work. We find that Harshbarger has not presented sufficient evidence to survive summary judgment on this claim.

tion counselor, would testify that Harshbarger would have been precluded from employment in a wide range of jobs in the relevant geographic area if limited to the extent perceived by Sierra. Howden explained that "just based on the physical preclusions in the world of work, Mr. Harshbarger would be limited to nearly 40% of the jobs performed within reasonable commuting distance of his home." This evidence is precisely the sort contemplated by the EEOC guidelines for establishing disqualification from a "broad range of jobs in various classes." 29 C.F.R. § 1630.2(j)(3)(ii)(C).

In addition, Sierra's broad, internal search for a position for Harshbarger produced no job that Sierra perceived he could fill within the physical restrictions it perceived him to have. Sierra, thus, admits that it believed Harshbarger was unable to fill any position among a diverse range of jobs. The results of this search and Harshbarger's expert evidence create a genuine issue of fact as to whether Sierra perceived Harshbarger as substantially impaired in the major life activity of working.

■ Harshbarger must also show that he is a qualified individual able to perform the essential functions of the job, either with or without reasonable accommodations. *Nunes*, 164 F.3d at 1246. The EEOC guidelines direct courts first to determine whether the individual satisfies the requisite skill, experience, education, and other job-related requirements of the employment position that such individual holds or desires. 29 C.F.R. Pt. 1630, App. 1630.2(m). There is no dispute that Harshbarger meets this test. Second, we must determine whether the individual can perform the essential functions of the position, either with or without reasonable accommodation. *Id.* We conclude that Harshbarger has raised a genuine issue of fact as to the second test.

The EEOC has provided the following non-exhaustive list of the types of evidence a court may consider in determining the essential functions of a position: (1) the employer's judgment as to which functions are essential; (2) written job descriptions prepared before advertising or interviewing applicants for the job; (3) the amount of time spent on the job performing the function; (4) the consequences of not requiring the incumbent to perform the function; (5) the terms of a collective bargaining agreement; (6) the work experience of past incumbents in the job; and (7) the current work experience of incumbents in similar jobs. 29 C.F.R. § 1630.2(n)(3).

Even assuming Harshbarger was actually restricted in his lifting ability, Harshbarger has presented evidence that lifting over 25 pounds was not an essential function of his position as a foreman, based on Sierra's written job description, the terms of the collective bargaining agreement, an expert review of the Dictionary of Occupational Titles, and Harshbarger's own experience as an incumbent. Harshbarger's evidence suggests that the essential job functions involve only light to sedentary physical demands. Although Sierra disputes this evidence, its factual dispute with Harshbarger must be resolved by a jury. *See Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1221 (9th Cir.1999) ("Summary judgment is not proper if material factual issues exist for trial."). Of course, if Harshbarger was not actually limited in his ability to lift, it may not matter whether the ability to lift 25 pounds was one of the job's essential functions.

■ Finally, Harshbarger must demonstrate that his employer terminated him because of his perceived disability. *Nunes*, 164 F.3d at 1246. The parties do not dispute that Sierra fired Harshbarger because it perceived that, with his lifting restrictions, he could not perform his job

or any other available job in the company. Having conceded that it terminated Harshbarger on the basis of a perceived physical impairment, Sierra should not be heard on remand to articulate alternative explanations for termination. Sierra's concession establishes the requisite causation.

 Where the employer acknowledges that it relied upon the terminated employee's disability as its stated reason for the termination, *McDonnell–Douglas* burden shifting does not apply. *Mustafa v. Clark County School Dist.*, 157 F.3d 1169, 1175–76 (9th Cir.1998); *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 n. 10 (9th Cir.2001). Accordingly, Harshbarger is not required to prove that Sierra's stated reason for his dismissal is pretextual. Rather, Sierra has the burden of showing that the disability is relevant to the job requirements. *Id.* For the reasons stated above, Harshbarger has established a triable issue on this element as well.

Because Harshbarger has raised genuine issues of material fact for each of the elements of the prima facie case, we reverse the district court's summary judgment as to the claim of disability discrimination and remand for trial. With regard to Harshbarger's claim of retaliation, we affirm the district court, finding the evidence insufficient to raise a triable issue of fact as to whether Sierra terminated Harshbarger due to his complaints of discrimination rather than his perceived physical impairment.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.